FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 1 6 2017

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | NO. 6:17CR 62<br>Judge RC/JDL |
| ERNEST DWAYNE BARRINGTON | § | |

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

**SEALED**

### Count One

        Violation: 21 U.S.C. § 841(a)(1)
        (Possession with intent to distribute
        methamphetamine)

On or about June 15, 2017, in Smith County, Texas, in the Eastern District of Texas, **Ernest Dwayne Barrington**, defendant, did knowingly and intentionally possess, with intent to distribute, a Schedule II controlled substance, namely a distributable quantity of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

### Count Two

        Violation: 18 U.S.C. § 924(c)(1)(A)
        (Possession of a firearm during drug
        trafficking)

On or about June 15, 2017, in Smith County, Texas, in the Eastern District of Texas, **Ernest Dwayne Barrington,** defendant, did knowingly use, carry, and possess, a firearm, namely, a Taurus, model PT111 Millennium G2, 9 mm caliber pistol, s/n

THY82275, during, in relation to, and in furtherance of, a drug trafficking crime for which said defendant may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) as alleged in Count One.

In violation of 18 U.S.C. § 924(c)(1)(A).

## Count Three

Violation: 18 U.S.C. § 922(g)(1)
(Felon in possession of a firearm)

On or about June 15, 2017, in Smith County, Texas, in the Eastern District of Texas, **Ernest Dwayne Barrington**, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Delivery Cocaine 1000' School, a felony, and Child Neglect, a felony, both in Cause Number 06P3447, in the Circuit Court of the State of Oregon for Polk County, on November 20, 2006; did knowingly and unlawfully possess, in and affecting commerce, a firearm, to wit: a Taurus, model PT111 Millennium G2, 9 mm caliber pistol, s/n THY82275.

In violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by the defendants.

By virtue of the commission of the felony offenses charged in this indictment, any and all interest the defendant has in the above-described property, firearms and ammunition are vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

A TRUE BILL

_____
GRAND JURY FOREPERSON

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____     8-16-2017
ALLEN H. HURST                      Date
Assistant United States Attorney

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
## Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853

As a result of committing the offenses alleged in this indictment, the defendant shall forfeit to the United States of America pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853:

1. Any property constituting, or derived from, and proceeds the defendants obtained, directly or indirectly, as the result of such violation(s);
2. Any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including but not limited to the following:

### Firearms

    a. a Taurus, model PT111 Millennium G2, 9 mm caliber pistol, s/n THY82275
    b. Twenty two (22) rounds of Armco 9mm caliber ammunition
    c. Nineteen (19) rounds of Remington .22 caliber ammunition

### Money Judgment:

$1,000 in United States currency and all interest and proceeds traceable thereto, in that such sum is property constituting, or derived from, proceeds obtained by the defendant, as the result of the foregoing offenses alleged in this indictment.

### Substitute Assets:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant -

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with a third person;
    (c) has been placed beyond the jurisdiction of the court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 6:17-CR-_____ |
| ERNEST DWAYNE BARRINGTON | § § | |

## **NOTICE OF PENALTY**

### **Count One**

Violation: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute Methamphetamine)

Penalty: A fine of not more than $1,000,000.00, imprisonment for a term not more than 20 years, or both; and a period of supervised release of at least three (3) years.

Special Assessment: $100.00

### **Count Two**

Violation: 18 U.S.C. § 924(c)(1) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

Penalty: Imprisonment for not less than five (5) years nor more than life which must be served consecutively to the underlying offense, a fine of up to $250,000.00, or both; a term of supervised release of not more than five (5) years.

Special Assessment: $100.00

## Count Three

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) |
| Penalty: | A fine of not more than $250,000.00; imprisonment for not more than ten (10) years; a term of supervised release of not more than three (3) years. 18 U.S.C. § 924(a)(2). |
| | If the defendant has three prior convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another, he or she shall be imprisoned for not less than fifteen years, and, the court shall not suspend the sentence of, or grant a probationary sentence to said defendant. 18 U.S.C. § 924(e)(1). |
| Special Assessment: | $100.00 |